UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| George Napoleon Moses, ) | Civil Action No.: 5:18-cv-02679-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| David M. Pascoe, Winnifa B. Clark, and ) | |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing this action with prejudice.[1] *See* ECF No. 14.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and he reviewed Petitioner's pro se filings pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them."). The Magistrate Judge also provided Plaintiff an opportunity to amend his complaint, and Plaintiff filed an amended complaint.

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff, a state prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging he filed an application for DNA testing in state court, which apparently has not yet ruled upon the application.[3] *See* ECF No. 9 (amended complaint). Plaintiff names three defendants—the State of South Carolina, the Solicitor of the First Judicial Circuit (David Pascoe), and the Orangeburg County Clerk of Court (Winnifa Clark)—and requests that this federal Court order the state court to timely adjudicate the DNA matter. *Id.* at pp. 1–3, 8. The Magistrate Judge recommends summarily dismissing Plaintiff's amended complaint with prejudice because (1) *Younger*[4] abstention is appropriate, (2) this Court cannot grant injunctions in state proceedings, (3) this Court cannot issue a writ of mandamus against a state solicitor, and (4) Defendants Pascoe and Clark are immune from suit. R & R at pp. 3–5.

Although Plaintiff specifically objects to the Magistrate Judge's recommendation regarding

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] *See generally* S.C. Code Ann. §§ 17–28–10 through 120 (South Carolina's Access to Justice Post-Conviction DNA Testing Act).

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

2

Defendants Pascoe and Clark's immunity from suit, he does not specifically object to the other grounds for dismissal summarized above. *See Diamond & Camby*, *supra* (stating that absent a specific objection, the Court need only review the R & R for clear error and need not give reasons for adopting it).

Regardless, the Court has conducted a de novo review and agrees with the Magistrate Judge's disposition. Most significantly, the Court agrees *Younger* abstention is appropriate because "(1) there is an ongoing state judicial proceeding that began prior to substantial progress in the federal proceeding, (2) that proceeding implicates important, substantial, or vital state interests, and (3) there is an adequate opportunity to raise constitutional challenges within the framework of the state judicial process." *Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (summarizing the criteria for *Younger* abstention). Plaintiff also has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See id.* at 286 ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Plaintiff's pleadings as well as publicly available records show his application for DNA testing remains pending in state court; he may pursue his constitutional claims there.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R [ECF No. 14] and **DISMISSES** this action *with prejudice*[5] *and without issuance and service of process.*

---

[5] *See Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006) ("[W]hen a district court abstains from a case based on *Younger*, it should typically dismiss the case with prejudice; not on the merits, but instead because the court is denied the equitable discretion ever to reach the merits." (internal citation omitted)). Additionally, the Magistrate Judge already provided Plaintiff an opportunity to file an amended complaint, and therefore the Court is dismissing this action with prejudice. *See generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015).

3

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
December 20, 2018  R. Bryan Harwell
 United States District Judge